UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BRENDA HALE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-327-DCR |
| ) | |
| V. ) | |
| ) | |
| WAL-MART STORES EAST, LIMITED ) | **MEMORANDUM OPINION** |
| PARTNERSHIP, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

Defendant Wal-Mart Stores East, Limited Partnership ("Walmart") has moved to strike Plaintiff Brenda Hale's supplemental disclosures on the basis that they were untimely under Rules 26 and 37 of the Federal Rules of Civil Procedure. [Record No. 33] It also moves to exclude Hale's proposed expert, David Johnson, under Rule 702 of the Federal Rules of Evidence. *Id.* After careful consideration of the parties' arguments, the Court will deny Walmart's motion.

**Background**

Plaintiff Brenda Hale and her partner were attending to weekly shopping at a Walmart store in Nicholasville, Kentucky, on a Friday around 11:30 a.m. [*See* Record Nos. 1 at ¶ 8 and 38 at 3.] She entered the beverage aisle to retrieve a few items while her partner pushed the shopping cart. [Record No. 38 at 3] After selecting a lemonade and water enhancer mix, Hale turned but lost her footing, slipping on a slimy gel substance on the floor. *Id.* She fell

forcefully on her left hip, fracturing it.[1]  [Record No. 34 at 1]  A nearby shopper called 911.  [Record No. 38 at 3]  Walmart employees came to Hale's aid before the paramedics arrived.  *Id.*  One employee took photos of the gel substance puddle which was about the circumference of "a small kickball" and another prepared an incident report.  [Record No. 33-5 at 15]

Video surveillance footage indicates that a customer inadvertently spilled an unknown substance on the floor as he was loading beverages into his cart.  [Record No. 37]  Several customers traversed the aisle during the roughly eighteen minutes the substance remained on the floor before Hale fell.  *Id.*  In addition to customers, a Walmart employee entered the aisle a few feet from the spill to retrieve merchandise but either did not notice it or elected not to clean the spill.[2]  [*See* Record No. 34 at 5.]  The footage depicts other customers noticing the spill by seeing and avoiding it or slipping on it but not falling.  [Record Nos. 34 at 1 and 37]

**Motion to Strike**

Walmart has moved to strike the plaintiff's supplemental disclosures concerning Hale's treating surgeon (Dr. Paul E. Matuszewski).  The treating surgeon disclosures were provided on August 19, 2025, while the disclosures for the plaintiff's proposed damages expert (Dr. Carl Alexander Hill Carrasquer) were tendered October 6, 2025.  [Record No. 33 at 2]  Walmart contends that those late supplements prejudice it because they were tendered after it had deposed Hale's liability expert (David Johnson) and the supplement concerning Dr. Carrasquer occurred after the close of discovery.  *Id.*  It argues that sanctions under Rule 37(c)(1) of the

---

[1] Since Hale's injury in August of 2023, she had incurred $199,853.34 in medical bills as of October 2024.  [*See* Record No. 34 at 3.]

[2] That employee also overlooked or decide not to remove a merchandise box on the ground that was near the spill. [Record No. 34 at 11]

- 2 -

Federal Rules of Civil Procedure are warranted because Hale violated the Court's Scheduling Order, which "is clearly prejudicial to Walmart." [*See* Record Nos. 33 at 2 and 41 at 2–3.] Of relevance, the Scheduling Order provides that "[s]upplementation under Rule 26(e) is due within thirty (30) days of the discovery of new information, but by no later than thirty (30) days prior to the close of discovery." [Record No. 9 at ¶ 3] Walmart asserts that Hale violated this provision on both supplements because discovery closed on August 25, 2025. [Record No. 33 at 2]

The plaintiff, however, paints a different picture of the events. She insists that any delay is attributable to Walmart and not her. Specifically, Hale asserts that she provided two proposed deposition dates to Walmart for her experts within thirty days of their reports as required by the Scheduling Order. [*See* Record Nos. 9 at ¶ 3 ("[A]t the time expert reports and supplementation of the report are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty (30) days shall be provided.") and 39 at 2–3.] But despite her compliance, Walmart requested additional dates to depose Dr. Carrasquer that were outside the 30-day window. The plaintiff reminded Walmart of the requisite provision in the Scheduling Order but ultimately agreed to provide more dates. [Record No. 39 at 2–3] In that same email, Hale expressed an intent to identify deposition dates for her treating surgeon, Dr. Matuszewski. *Id.* However, Walmart's response did not address the deposition of Hale's treating surgeon, nor did it select a date to depose Dr. Carrasquer. *Id.* at 3. Instead, the response requested additional deposition dates for Johnson in July, placing that deposition outside of the 30-day window set forth in the Scheduling Order. *See id.*

After the plaintiff provided *seven* deposition dates to the defendant, Johnson was ultimately deposed on July 28, 2025, which was already fewer than thirty days before the close

of discovery (August 25, 2025). [Record No. 39 at 3] Similarly, after offering *nine* dates to depose Dr. Carrasquer, Walmart finally agreed to depose him on August 14, 2025. *Id.* at 4. It was not until that deposition that Walmart confirmed the August 18, 2025, deposition date for Dr. Matuszewski. *Id.* And when Hale emailed Walmart to confirm the date and time on August 15, 2025, it claimed it was too short notice, despite being asked to reserve the date forty-five days prior (and confirming the date three days prior). *Id.* at 4–5.

District courts have broad discretion to exclude expert witness testimony due to the untimely filing of expert-witness reports and supplements in violation of scheduling orders. *See Price v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (citing *Trilogy Commc'ns. v. Times Fiber Commc'ns*, 109 F.3d 739 (Fed. Cir. 1997)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)(C); *see Sexton v. Uniroyal Chem. Co., Inc.*, 62 F. App'x 615, 616 n.1 (6th Cir. 2003) ("[The Sixth] Circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified."). In making this determination, the Court considers five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citations omitted).

Here, Walmart cannot claim prejudice when its own actions resulted in depositions that occurred near the end of or after the close of discovery. Since those depositions were outside the Scheduling Order's timeline, so too were the plaintiff's supplements. The supplement concerning Dr. Matuszewski opinion resulted from a medical appointment he had with Hale on August 14, 2025, which prompted a new recommendation that she undergo a future hip arthroplasty. [Record Nos. 39 at 5 and 41-2 at 5] And because of that change in the treatment plan, damages expert Dr. Carrasquer needed to update his future care and cost projections. [Record No. 39 at 5]

In any event, Hale put Walmart on notice that Dr. Carrasquer original cost projections could change subject to Hale's condition and Dr. Matuszewski's deposition testimony. [Record No. 39 at 10–11] Thus, exclusion is improper where Hale's disclosure delay was substantially justified *due to Walmart's scheduling shenanigans* and was otherwise harmless because she provided notice to Walmart and a fair opportunity for Walmart to address the potential change in both expert's opinions. *Howe* , 801 F.3d at 747, 750. Further, there is no indication that the new medical care recommendations and projected costs would disrupt trial. *Id.* at 748. When a plaintiff's medical treatment is ongoing, such changes are ordinary and may be expected under the circumstances presented.

Alternatively, Walmart moves for additional time for its expert disclosures and expert discovery. [Record No. 33 at 2] But, as the plaintiff argues, Walmart will be allowed to cross-examine both experts concerning the additional procedure recommended and updated cost projection during trial. Further, because the delay in deposing the experts is attributable to Walmart, an extension is not appropriate.

**Motion to Exclude**

The plaintiff has retained David Johnson to provide opinions concerning Walmart's liability and to testify as an expert witness in this matter. Walmart has moved to exclude him, arguing his opinions are not reliable, because he reaches impermissible legal conclusions, and because his opinions "are not outside the realm of common knowledge of the average juror." [Record No 33 at 2–3] Walmart's motion provides a litany of excerpts from Johnson's report that it deems impermissible legal conclusions and not outside the realm of common knowledge. However, because Hale has yet to provide pretrial filings that will go in greater depth regarding specific testimony Johnson will present, the undersigned declines to address each excerpt but will instead address the reliability of his methods and whether his opinions will be helpful to the trier of fact. Walmart's remaining contentions may be renewed in a motion *in limine* consistent with the timeline set forth in the Scheduling Order.

The Court acts as a gatekeeper to evaluate the admissibility of each potential witness's testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). The primary standard governing the admissibility of expert testimony is Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. *See also Daubert*, 509 U.S. 579 (identifying additional factors for evaluating scientific testimony); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)

(extending the *Daubert* analysis to non-scientific testimony).  *See also Gross v. Comm'r*, 272 F.3d 333, 339 (6th Cir. 2001) (observing that the *Daubert* factors are not dispositive and should only apply "where they are reasonable measures of the reliability of expert testimony").

> The Advisory Committee on the Federal Rules of Evidence observed
>
> [s]ome types of expert testimony will not rely on anything like a scientific method, and so will have to be evaluated by reference to other standard principles attendant to the particular area of expertise.  The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.  The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded. . . .
>
> Nothing in [the Rule] is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony.  To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.  In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony. . . .
>
> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.  The trial court's gatekeeping function requires more than simply "taking the expert's word for it.". . . The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. . . .

Fed. R. Evid. 702 advisory committee's note (2000 amendment).

Walmart asserts that Johnson's testimony must be excluded because "he has not done any experiments or testing in this case" and has not employed any "recognized methodology to develop his opinions."  [Record No. 33 at 6]  It also takes issue with his sources (articles, handbooks, and the American Standards for Testing Materials), arguing that Johnson has failed to demonstrate that any government or municipal body (or even Walmart) has adopted those

sources. *Id.* Finally, it insists that his opinions "are not based on any scientific technical or other specialized knowledge." *Id.*

Conversely, Hale contends that Johnson "is a licensed professional with decades of experience evaluating retail hazard inspection systems and slip-and-fall mechanisms" and that his "methodology uses the standard approach in forensic premises-safety analysis." [Record No. 39 at 1–2] She further argues that Johnson applied his experience and methodology reliably to the facts in such a way that "will assist the jury in evaluating the adequacy of Wal-Mart's inspection and hazard-detection practices." *Id.* at 2. The undersigned agrees that Johnson's methods are standard and that his opinions will assist the trier of fact concerning the adequacy of Walmart's practices.

As part of his forensic process, Johnson reviewed the video surveillance footage surrounding Hale's fall frame-by-frame. [Record No. 39 at 6] In so doing, he was able to ascertain the customer who inadvertently spilled the slimy substance on which Hale slipped. *Id.* at 6–7. While it is possible that the jury could discover than on its own, it would not be without considerable difficulty and time expended. Johnson was also able to determine that no safety floor sweeps of that aisle had been conducted in the hour preceding Hale's fall. *Id.* at 7. Of course the jury could sit through the entire hour of footage to come to that same conclusion, but Johnson's specialized knowledge and patience reviewing the footage is helpful to the jury. The lack of routine safety sweeps, Walmart's Asset Protection Operations Coach Melissa Lainhart's testimony that she had never heard of safety sweeps (which are to be conducted hourly per Walmart policy), the absence of sweep log documentation, and the fact that no employee is individually responsible for conducting sweeps or confirming they are completed caused Johnson to opine that "such lack of assignment and accountability is

inconsistent with accepted safety-management and human-factors practices and leads to predictable failures in hazard detection." *Id.* This too aids the jury and is outside the scope of common knowledge.

Concerning Johnson's reliance on various publications in forming his opinions, Walmart's argument that his sources were not adopted by any government or municipality (and therefore rendering his opinion unreliable) is unconvincing. Johnson references the American Standards for Testing Materials which requires walking surfaces to be slip resistant along with footage, witness testimony, industry standards, and his own experience viewing slip-and-falls in opining on Walmart's liability regarding Hale's injuries. [Record No. 39 at 12–14] This is an appropriate use of publications as Johnson is using them in conjunction with the facts, evidence, and his own specialized knowledge. In short, Johnson's methods are reliable and his testimony will likely assist the trier of fact.

### Conclusion

Being sufficiently advised, it is hereby

**ORDERED** that Walmart's Motion to Strike and Exclude [Record No. 33] is **DENIED**.

Dated: January 15, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky