UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BRENDA HALE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-327-DCR |
| ) | |
| V. ) | |
| ) | |
| WAL-MART STORES EAST, LIMITED ) | **MEMORANDUM OPINION** |
| PARTNERSHIP, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

Plaintiff Brenda Hale has moved for partial summary judgment against Defendant Wal-Mart Stores East, Limited Partnership ("Walmart") for negligence liability concerning injuries she sustained after she slipped and fell in a Walmart store. [Record No. 34]  She also seeks summary judgment on the dollar amount of her medical bills incurred from those injuries. *Id.* The Court will grant Hale's motion to the extent that she has satisfied her burden under *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435–36 (2003).  However, Hale's motion concerning liability (and her medical bills) will be denied because a jury must decide whether Walmart exercised reasonable care under the circumstances in maintaining its premises.

**I. Background**

As the Court has observed previously, Plaintiff Brenda Hale and her partner were attending to weekly shopping at a Walmart store in Nicholasville, Kentucky, on a Friday around 11:30 a.m.  [*See* Record Nos. 1 at ¶ 8 and 38 at 3.]  She entered the beverage aisle to retrieve a few items while her partner pushed the shopping cart.  [Record No. 38 at 3]  After selecting a lemonade and water enhancer mix, Hale turned but lost her footing, slipping on a

- 1 -

slimy gel substance on the floor. *Id.* She fell forcefully on her left hip, fracturing it.[1] [Record No. 34 at 1] A nearby shopper called 911. [Record No. 38 at 3] Walmart employees came to Hale's aid before the paramedics arrived. *Id.* One employee took photos of the gel substance puddle which was about the circumference of "a small kickball" and another prepared an incident report. [Record No. 33-5 at 15]

Video surveillance footage indicates that a customer inadvertently spilled an unknown substance on the floor as he was loading beverages into his cart. [Record No. 37] Several customers traversed the aisle during the roughly eighteen minutes the substance remained on the floor before Hale fell. *Id.* In addition to customers, a Walmart employee (Gail Thompson) entered the aisle a few feet from the spill to retrieve merchandise but either did not notice or elected not to clean the spill. [*See* Record No. 34 at 5.] She also overlooked or decided not to remove a merchandise box that was on the ground near the spill. *Id.* at 11. The footage depicts other customers noticing the spill by seeing and avoiding it or slipping on the substance but not falling. [Record Nos. 34 at 1 and 37]

## II. Legal Standard

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

---

[1] Since Hale's injury in August of 2023, she had incurred $199,853.34 in medical bills as of October 2024. [*See* Record No. 34 at 3.]

party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The moving party in the typical case has the initial burden to produce evidence to present a prima facie case that the movant is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 317. And once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Indeed, the nonmoving party cannot simply rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In addressing whether summary judgment is appropriate, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

But "[w]hen a plaintiff moves for summary judgment on its own claims, for which it carries the burden of persuasion at trial, the burden is high." *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 705 (N.D. Ohio 2024). The plaintiff must demonstrate the "absence of material fact disputes on all of the essential elements of its claim." *Id.* at 705–06 (citing *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)). To be sure,

> [a] plaintiff-movant must present evidence that would entitle [it] to a directed verdict if that evidence were not controverted at trial. If the [defendant responds] to the motion with controverting evidence which demonstrates a genuine issue of material fact, plaintiff's motion must be denied. However, if, after analyzing the combined body of evidence presented by both parties, the evidence is such that no reasonable jury could find in favor of the [defendant], then summary judgment will be entered on behalf of the plaintiff-movant.

*United States v. Long*, 121 F. Supp. 3d 763, 767 (N.D. Ohio 2014) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)); *see also Viet v. Le,* 951 F.3d 818, 823 (6th Cir. 2020). Thus, in addition to showing no material fact disputes on all essential elements, the plaintiff also must demonstrate that no reasonable juror could find in the defendant's favor on each element.

### III. Analysis

Walmart removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332. [Record No. 1] Thus, Kentucky substantive premises liability law applies, while federal law governs the procedural aspects of this case, including the summary judgment standard. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law."); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Kentucky Law, a successful negligence action requires the existence of (1) a duty owed from the defendant to the plaintiff, (2) a breach of that duty, (3) injury to the plaintiff, and (4) causation between the breach and the injury. *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015); *Pathways, Inc. v. Hammons*, 113 S.W.2d 85, 89 (Ky. 2003). To prevail, the plaintiff must ultimately prove negligence on the part of the property owner. *See id.* at 436–37.

But in slip-and-fall cases, rather than putting "the entire burden of proof on the injured customer" or imposing strict liability on the property owner, the Supreme Court of Kentucky has adopted a middle-ground, burden-shifting approach. *See Johnson v. Wal-Mart Stores E., LP*, 169 F. Supp. 3d 700, 703–04 (E.D. Ky. 2016) (citing *Lanier*, 99 S.W.3d at 436). First the plaintiff must demonstrate (1) he or she "had an encounter with a foreign substance or other dangerous condition on the business premises," (2) "the encounter was a substantial factor in

causing the accident and the customer's injuries," and (3) "the business premises were not in a reasonably safe condition for the use of business invitees . . . by reason of the presence of the substance or condition." *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (2003) (citing *Lanier*, 99 S.W.3d at 435–36). If done successfully, a rebuttable presumption of negligence is created that shifts the burden to the defendant to prove the absence of negligence by showing that it exercised reasonable care under the circumstances in maintaining its premises. *Id.* (citing *Lanier*, 99 S.W.3d at 435, 437).

Reasonable care requires a store owner "to inspect the premises to discover possible dangerous conditions of which he does not know and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property." *Lanier*, 99 S.W.3d at 433. Stated differently, a store owner "must exercise reasonable care to protect invitees . . . from hazardous conditions that the property owner knew about or should have discovered and the invitee could not be expected to discover." *Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487–88 (6th Cir. 2014) (citing *Lanier*, 99 S.W.3d at 432–33).

While the Court cannot find cases applying *Lanier*'s burden-shifting approach when a *plaintiff* moves for summary judgment, dicta from Kentucky's highest court indicates that it applies, notwithstanding which party brings the motion. *McCarty v. Covol Fuels No. 2, LLC*, 978 F. Supp. 2d 799 (W.D. Ky. 2013), *aff'd*, 644 F. App'x 372 (6th Cir. 2016) ("When faced with an undecided question of Kentucky law, a federal court sitting in diversity must make the best prediction, even in the absence of direct state precedent, of what the Kentucky Supreme Court would do if it were confronted with the question.") (citation modified). For example, in *Lanier*, the Court referenced and adopted the concurrence's burden-shifting approach in *Smith*

*v. Wal-Mart Stores, Inc. Lanier*, 99 S.W.3d at 436 (citing *Smith v. Wal-Mart Stores, Inc.*, 6 S.W.3d 829, 832 (Ky. 1999)). The *Lanier* Court went so far as to reference the following sample jury instructions proposed by the concurrence:

> **INSTRUCTION NO. 1**
> A. You will find for the Plaintiff if you are satisfied from the evidence that:
> (1) On [date], he/she was injured when he/she fell as a result of slipping on a substance on the floor of the Defendant's store;
> AND
> (2) By reason of the presence of the substance on the floor, the premises of the Defendant's store were not in a reasonably safe condition for the use of the store's customers, including the Plaintiff;
> AND
> (3) The presence of the substance on the floor of the Defendant's store was a substantial factor in causing the Plaintiff's fall and injury.
> B. Unless you so believe, you will find for the Defendant.
>
> **INSTRUCTION NO. 2**
> Even though you would otherwise find for the Plaintiff under Instruction No. 1, you will nevertheless find for the Defendant if you are satisfied from the evidence that:
> (1) The substance which caused the Plaintiff to slip and fall was not placed or caused to be on the floor of the Defendant's store by any act or omission of the Defendant or his/her employees;
> AND
> (2) The substance had not been on the floor for a sufficient length of time before the Plaintiff fell so that in the exercise of ordinary care, the Defendant or his/her employees should have discovered it and caused it to be removed or provided adequate warning of its presence.
>
> **INSTRUCTION NO. 3**
> (Comparative fault.)

*Lanier*, 99 S.W.3d at 435 (citing *Smith*, 6 S.W.3d at 832).

Although the holding in *Lanier* has been applied in granting or denying defendants' motions for summary judgment, the *Lainer* Court's adoption of *Smith*'s concurrence and its apparent approval of its jury instructions implies that the burden-shifting approach applies here. Under federal procedural law, a plaintiff moving for summary judgement must show an

absence of material facts on all the essential elements of her claim. Indeed, she must show no reasonable juror could find for the defendant. Because the burden-shifting approach would apply at trial, it likewise applies here.

In this case Walmart appears to contest whether Hale has met her burden by arguing that she was negligent and "should have exercised care by watching where she was walking." [Record No. 38 at 1–2, 5–6] In so doing, the thrust of its argument attempts to apply a more stringent standard that has since been overruled by the Supreme Court of Kentucky when it replaced contributory negligence with comparative fault. *See, e.g.*, *Grubb v. Smith*, 523 S.W.3d 409, 415 (Ky. 2017). Hale purported negligence (which is dubious at best) is not part of her burden under *Lanier*. Rather, Walmart's argument that she somehow contributed to her own fall by not "watching where she was walking" would apply when allocating damages under comparative fault, which is not before the Court on the present motion.

Hale has satisfied her burden under *Lanier*. First, she has demonstrated the absence of material fact disputes concerning her fall being "a result of slipping on a substance on the floor." *Smith*, 6 S.W.3d at 832. The surveillance footage confirms this, and Walmart's own internal documentation states the same. [Record No. 34 at 2] Second, she has shown an absence of material fact that the floors "were not in a reasonably safe condition." *Smith*, 6 S.W.3d at 832. In support, she provides footage depicting other customers nearly falling and expert testimony from David Johnson that the combination of the gel-like substance and floor surface created conditions conducive to a fall. Third, she has demonstrated a lack of material fact disputes regarding whether those conditions were a "substantial factor" in causing her fall and injuries. *Id.* She has made that showing through Johnson's report, Walmart's own

admissions, and video footage depicting the fall. [*See generally*, Record No. 34.] Under the facts and evidence presented, no reasonable juror could find otherwise on these three elements.

Thus, Hale has satisfied her burden, creating a rebuttable presumption of negligence that Walmart may overcome by demonstrating that the "substance had not been on the floor for a sufficient length of time before the Plaintiff fell so that in the exercise of ordinary care, the Defendant or his/her employees should have discovered it and caused it to be removed or provided adequate warning of its presence."[2] *Smith*, 6 S.W.3d at 832. To do this, it must point to some affirmative evidence that it maintained its premises in a reasonably safe condition. *Johnson*, 169 F. Supp. 3d at 706 (collecting cases). Walmart's offerings are undeniably scarce.

It first argues that there is no evidence indicating that Thompson or any other employee had actual notice of the spill. [Record No. 38 at 2] But there is also no evidence that Thompson did not see the spill, to the contrary (as the plaintiff argues), she came uncomfortably close to the spill and had a customer dodge it within her line of sight. [Record No. 34 at 5] In any event, Walmart next tackles constructive notice by arguing that the roughly eighteen minutes before Hale fell was not long enough for an employee to discover the spill. [Record No. 38 at 7–8] Hale cites *Johnson v. Wal-Mart Stores East, LP*, where the court denied Walmart's motion for summary judgment because it presented no evidence that it exercised reasonable care and only argued that nine minutes and fifteen seconds was not long enough for it to discover the spill. [Record No. 34 at 9 (citing 169 F. Supp. 3d at 708).] She insists that she is entitled to summary judgment because the spill in this case was on the floor twice as long as the one in *Johnson*. *Id.* But here, she must do more than show Walmart is not entitled to

---

[2] The plaintiff does not dispute that the substance was not caused by Walmart, and thus, that element is satisfied.

summary judgment, she must show that no reasonable jury could find that it exercised reasonable care under the circumstances presented. In other words, that Walmart could not have been expected to have discovered the spill within those eighteen minutes.

Finally, Walmart mentions in passing that it had adequate policies in place to make the store reasonably safe. [Record No. 38 at 7] However, it fails to identify evidence (or even form arguments) that it *followed* those policies or even trained its employees to follow them. *See id.* On the other hand, Hale provides specific testimony from Walmart's Asset Protection Operations Coach Melissa Lainhart that she had never heard of hourly safety sweeps (which are to be conducted in high-traffic areas per Walmart policy). [Record No. 34-19 at 6] Hale's liability expert Johnson's report provided that in the hour preceding her fall, the footage indicates that no safety sweep of the beverage aisle was conducted. *Id.* Further, Walmart policy required employees to keep a towel in their pockets to wipe up spills, but Walmart offers nothing demonstrating that policy was followed. Indeed, it does not even attempt to show that Thompson had a towel in her pocket or was trained to carry one. Ultimately, Lainhart conceded that Thompson violated policy when she was near the spill and had a customer dodge it in her line of sight yet either did not notice the spill or merchandise box on the ground or elected to leave one or both. [Record No. 34 at 7–8]

Despite Walmart's dearth of evidence, a disputed factual issue remains because a reasonable jury could find that it exercised reasonable care in protecting Hale and other shoppers from the substance on the floor by having a policy to keep floors clear notwithstanding its failure to follow that policy. *Denney*, 559 F. App'x at 487–88 (citing *Lanier*, 99 S.W.3d at 432–33). A reasonable jury could also agree with Walmart that it could not have been expected to discover the spill during the roughly eighteen minutes it remained

on the floor despite Thompson's presence near it and other customers observably dodging or slipping on the substance. *Id.* (citing *Lanier*, 99 S.W.3d at 432–33).

Hale's motion also seeks summary judgment on her $199,853.34 in medical bills caused by her fall from August 2023 to October 24, 2024. [*See* Record No. 34 at 3.] She cites *Morgan v. Scott*, 291 S.W.3d 622, 643 (Ky. 2009), for the proposition that the "propriety of medical bills does not become a matter for the jury's resolution if there is nothing in the record tending to show a dispute about the amount of those bills or their relationship to the alleged injuries underlying the action."

Hale's request will be denied for two reasons. First, she is only entitled to damages if she prevails on the issue of liability. Second, *Morgan v. Scott* was a plurality opinion. As such, the Court declines to make a ruling pursuant to it while sitting in diversity at this juncture.

### IV. Conclusion

Being sufficiently advised, it is hereby

**ORDERED** that Plaintiff Brenda Hale's Partial Motion for Summary Judgment [Record No. 34] is **GRANTED** in part, consistent with this Memorandum Opinion and Order.

Dated: January 16, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky